UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER, #211080

               Plaintiff,                    Case No. 11-13319

v.                                     District Judge Nancy G. Edmunds
                                     Magistrate Judge R. Steven Whalen

ROBERT MAPLE, ET AL.,

               Defendant.
_____ /

## REPORT AND RECOMMENDATION

On July 28, 2011, Plaintiff Curtis Fuller, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint pursuant to 28 U.S.C. § 1983. Before the Court is his motion for temporary restraining order ("TRO") and preliminary injunction [Doc. #3], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Plaintiff's motion be DENIED.

## I.    BACKGROUND

Plaintiff's complaint is brief. It states, in pertinent part,

"All named Defendants refuse to allow all named Plaintiffs to come together and exercise there (sic) First Amendment right to have access to the courts. All named Plaintiffs have filed a civil class action against (M.D.O.C.) and named Defendants as to violation of Plaintiff's constitutional rights." *Complaint,* p.3.

The complaint names 10 Defendants. The "civil class action" to which Plaintiff refers is a Western District of Michigan complaint that was voluntarily dismissed. He seeks only injunctive relief, specifically that the "named plaintiffs" in that case be

allowed to correspond with one another "to show the Eastern District Courts have jurisdiction over said civil class action," and "so Plaintiffs can also refile said civil class action upon this Honorable Court correctly." *Id*., p.4.

In the present motion, Plaintiff identifies the "civil class action" referred to in the complaint as E.D. Mich. No. 09-15008, which was transferred to the Western District of Michigan on January 26, 2010. That complaint contained 93 named Plaintiffs, including Mr. Fuller. In the Western District case, captioned *Tony Bay v. Patricia Caruso*, W.D. Mich. No. 10-cv-00016, Magistrate Judge Timothy P. Greeley entered a show cause order on April 13, 2010, stating as follows:

> "This is a prisoner civil rights action purportedly filed by ninety-three prisoners. However, it appears as if the signatures were all done by one individual. The only party who appears to have actually signed the complaint is Plaintiff Curtis Fuller #211080, a/k/a Raleem-X, as he also signed the motion to proceed *in forma pauperis* in this case. Moreover, since the case has been filed, ten of the prisoners who were named as plaintiffs have written to the court stating that they have no knowledge of this case and asking to have their names removed from this action. Accordingly, Plaintiff Fuller is ordered to show cause within fifteen days of this order why this action should not be dismissed as a fraud on the court."

*Defendants' Response* [Doc. #14], Exhibit B.  In response to the show cause order, Plaintiff Fuller asked to voluntarily dismiss the case without prejudice. On August 16, 2010, District Judge Gordon J. Quist dismissed the action without prejudice, pursuant to Fed.R.Civ.P. 41(a).[1] In addition to reiterating Magistrate Judge Greeley's facts suggesting fraud, Judge Quist stated that "two other parties named as plaintiffs have been paroled and / or discharged and four others have expressed interest in being involved in the case." *Defendants' Response*, Exhibit A.

---

[1] Judge Quist noted that under Rule 41(a), Plaintiff was entitled to voluntary dismissal without leave of the court because no responsive pleading had been filed. Indeed, summonses had not yet been issued to the named Defendants.

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, including a TRO, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.  *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002);  *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*).  "These factors are not prerequisites, but are factors that are to be balanced against each other."  *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate.  Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000);  *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to injunctive relief, and their burden is a heavy one.  "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."  *Overstreet , supra,* at 573.  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion."  *Leary v. Daeschner*, 228 F.3d 729,

739 (6th Cir. 2000).  Thus, plaintiffs may not merely point to genuine issues of material

fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.   DISCUSSION

### A.   Likelihood of Success on the Merits

This factors weighs very heavily against Plaintiff. The legal basis for his complaint

is the alleged denial of his First Amendment right to access the courts. It is true that

prison inmates have a constitutionally protected right of access to the courts, grounded in

the First Amendment.  *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72

(1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been

recognized that the lawful resort to the courts is part of the First Amendment right to

petition the Government for a redress of grievances"). However, "to state a claim for

denial of access to the courts, an inmate must show actual injury to existing or

contemplated litigation of *non-frivolous claims* which challenge his sentence or

conditions of confinement." *Thompson v. Million*, 221 Fed.Appx. 1336 (Table), 2000 WL

876556, *1 (6th Cir.2000), citing *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174,

135 L.Ed.2d 606 (1996)(emphasis added); *see also Hadix v. Johnson,* 182 F.3d 400, 405

(6th Cir.1999) (explaining the "actual injury" standard of *Lewis* includes requirement that

action be non-frivolous). A claim is frivolous if it lacks arguable basis in either law or

fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint does not adequately plead that he has suffered prejudice to a

non-frivolous claim. Indeed, his complaint does not describe the basis for the underlying

"class action" that he seeks to pursue, other than a vague allusion to a "violation of

Plaintiffs' constitutional rights."  In a right of access claim, the plaintiff must describe the

underlying case, and must set forth sufficient facts showing that it is non-frivolous. In

*Christopher v. Harbury*,  536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the

Supreme Court stated:

> "*[O]ur cases rest on the recognition that the right [of access to the courts] is ancillary to the underlying claim*, without which a plaintiff cannot have suffered injury by being shut out of court. We indicated as much in our most recent case on denial of access, *Lewis v. Casey, supra*, where we noted that even in forward-looking prisoner class actions to remove roadblocks to future litigation, the named plaintiff must identify a "nonfrivolous," "arguable" underlying claim, *id.*, at 353, and n. 3, 116 S.Ct. 2174, and we have been given no reason to treat backward-looking access claims any differently in this respect. *It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.*" (Emphasis added).

*Christopher* further held that "[l]ike any other element of an access claim, the

underlying cause of action and its lost remedy must be addressed by allegations in the

complaint sufficient to give fair notice to a defendant." *Id*. at 416.

Thus, Plaintiff's complaint is fatally deficient not only under *Christopher*, but

under the pleading standards more recently set forth in *Ashcroft v. Iqbal*, ---U.S.—, 129

S.Ct. 1937, 173 L.Ed.2d 868 (2009), and citing  *Bell Atlantic Corp. v. Twombley*, 550 U.S

544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007), which require that a

complaint contain factual allegations, as opposed to legal conclusions, and that the facts

pled set forth a "plausible" claim for relief. This complaint is subject to dismissal under

Fed.R.Civ.P. 12(b)(6).

The underlying "class action" complaint is also frivolous because the *pro se*

Plaintiffs have not and cannot satisfied the requirements of Fed.R.Civ.P.  23(a)(4), that is,

that "the representative parties will fairly and adequately protect the interests of the

class."  It is well established that "[a] litigant may bring his own claims to federal court

without counsel, but not the claims of others. This is because the competence of a layman

is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire*

*& Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir.2000) (internal quotation omitted).  *See also Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam) (pro se prisoners are not adequate representatives fairly able to represent the class). Numerous Sixth Circuit cases have similarly held that Rule 23(a)(4) does not permit a *pro se* inmate to serve as class representative.  *See  Howard v. Dougan,* 221 F.3d 1334 (Table), 2000 WL 876770, *1 (6th Cir. June 23, 2000) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."), *reh'g denied,* 2000 WL 1206591 (6th Cir. Aug.17, 2000), *cert. denied,* 532 U.S. 948, 121 S.Ct. 1417, 149 L.Ed.2d 358 (2001); *Hammond v. O'Dea,* 932 F.2d 968 (Table), 1991 WL 78161, *2 (6th Cir. 1991) (p.c.) (*"[P]ro se* prisoners are not adequate representatives fairly able to represent the class.") (citing *Oxendine, supra*).

### B.    Irreparable Harm

Given that *pro se* plaintiffs are precluded from litigating a class action case, there is no irreparable harm to this Plaintiff in not being allowed to correspond with numerous other prison inmates. He is of course free to file his own individual lawsuit, in the appropriate venue, if he can set forth a plausible claim of denial of specific constitutional rights.

### C.    Harm to Others / Public Interest

These last two factors pertinent to injunctive relief may be viewed together. The MDOC has an interest in promulgating and enforcing prison regulations, including reasonable rules involving correspondence among inmates and prison security. Departments of Corrections are accorded considerable latitude in the administration of state prisons.  In *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977), the Supreme Court discussed the balancing of

constitutional rights afforded prisoners against the deference that prison officials must be given in the efficient management of prisons: "Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators."  By granting the requested injunctive relief in this case, the Court would be in the untenable position of second-guessing and countermanding the MDOC's  legitimate prison policies based on a complaint that will very likely be dismissed.

Moreover, Magistrate Judge Greeley and District Judge Quist in the Western District have identified facts that suggest Plaintiff may be engaged in perpetrating a fraud on the Court. It is definitely not in the public interest for the Court to assist Plaintiff in that endeavor.

In conclusion, a balancing of the factors, with particular weight given to Plaintiff's slim likelihood of success on the merits, weighs substantially against the grant of a TRO or  preliminary injunctive relief.

### IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's motion for temporary restraining order and preliminary injunction [Doc. #3] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this

Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served

upon this Magistrate Judge.

       Within fourteen (14) days of service of any objecting party's timely filed

objections, the opposing party may file a response.  The response shall be not more than

twenty (20) pages in length unless by motion and order such page limit is extended by the

court.  The response shall  address specifically, and in the same order raised, each issue

contained within the objections.

                                      s/ R. Steven Whalen
                                      R. STEVEN WHALEN
                                      UNITED STATES MAGISTRATE JUDGE

Date:  January 31, 2012

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of
Electronic Filing on January 31, 2012.

Curtis Fuller, #211080                   s/Johnetta M. Curry-Williams
Ionia Maximum Correctional Facility       Case Manager
1576 W Bluewater Hwy
Ionia, MI 48846-8594

-8-