UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS FULLER, #211080

        Plaintiff,                      Case No. 11-13319

v.                                      District Judge Nancy G. Edmunds

                                       Magistrate Judge R. Steven Whalen

ROBERT NAPEL, ET AL.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Before the Court is Defendants' Motion for Summary Judgment [Doc. #16], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that Defendants' motion be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

**I.    FACTS**

Plaintiff's complaint is brief. He claims that he and others have been denied their First Amendment right to access the courts:

> "All named Defendants refuse to allow all named Plaintiffs to come together and exercise there (sic) First Amendment right to have access to the courts. All named Plaintiffs have filed a civil class action against (M.D.O.C.) and named Defendants as to violation of Plaintiff's constitutional rights." *Complaint,* p.3.

The complaint names 10 Defendants. The "civil class action" to which Plaintiff refers is a Western District of Michigan complaint that was voluntarily dismissed. He seeks only injunctive relief, specifically that the "named plaintiffs" in that case be allowed to correspond with one another "to show the Eastern District Courts have jurisdiction over said civil class action," and "so Plaintiffs can also refile said civil class

-1-

action upon this Honorable Court correctly." *Id*., p.4.

Plaintiff previously filed a motion for temporary restraining order ("TRO") [Doc. #3], in which he identified the "civil class action" referred to in the complaint as E.D. Mich. No. 09-15008, which was transferred to the Western District of Michigan on January 26, 2010. That complaint contained 93 named Plaintiffs, including Mr. Fuller. In the Western District case, captioned *Tony Bay v. Patricia Caruso*, W.D. Mich. No. 10-cv-00016, Magistrate Judge Timothy P. Greeley entered a show cause order on April 13, 2010, stating as follows:

> "This is a prisoner civil rights action purportedly filed by ninety-three prisoners. However, it appears as if the signatures were all done by one individual. The only party who appears to have actually signed the complaint is Plaintiff Curtis Fuller #211080, a/k/a Raleem-X, as he also signed the motion to proceed *in forma pauperis* in this case. Moreover, since the case has been filed, ten of the prisoners who were named as plaintiffs have written to the court stating that they have no knowledge of this case and asking to have their names removed from this action. Accordingly, Plaintiff Fuller is ordered to show cause within fifteen days of this order why this action should not be dismissed as a fraud on the court."

*Defendants' Response to Motion for TRO* [Doc. #14], Exhibit B.[1] In response to the show cause order, Plaintiff Fuller asked to voluntarily dismiss the case without prejudice. On August 16, 2010, District Judge Gordon J. Quist dismissed the action without prejudice, pursuant to Fed.R.Civ.P. 41(a).[2] In addition to reiterating Magistrate Judge Greeley's facts suggesting fraud, Judge Quist stated that "two other parties named as plaintiffs have been paroled and / or discharged and four others have expressed interest in being involved

---

[1] In their present motion for summary judgment, the Defendants have incorporated by reference the exhibits they filed in Doc. #14. *See* Defendants' Brief [Doc. #16], pp. 2-3.

[2] Judge Quist noted that under Rule 41(a), Plaintiff was entitled to voluntary dismissal without leave of the court because no responsive pleading had been filed. Indeed, summonses had not yet been issued to the named Defendants.

in the case." *Id.*, Exhibit A.

On January 31, 2012, I recommended that Plaintiff's motion for TRO be denied, in large part because he had not shown a likelihood of success on the merits. *See* Doc. #18. On March 19, 2012, District Judge Nancy G. Edmunds accepted the Report and Recommendation and denied Plaintiff's motion [Doc. #24].

On February 7, 2012, I granted Plaintiff's motion to extend time, giving him until April 9, 2012 to file a response to Defendants' motion for summary judgment. That order stated that no further extensions would be granted [Doc. #19]. To date, Plaintiff has not filed a response.

## II. STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a

whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.    ANALYSIS

The Plaintiff has presented no support for his claim the he was denied his constitutional right to access the courts.

It is true that prison inmates have a constitutionally protected right of access to the courts, grounded in the First Amendment. *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Berryman v. Rieger*, 150 F.3d 561, 567 (6th Cir. 1988)("It has long been recognized that the lawful resort to the courts is part of the First Amendment right to petition the Government for a redress of grievances"). However, "to state a claim for denial of access to the courts, an inmate must show actual injury to existing or contemplated litigation of *non-frivolous claims* which challenge his sentence or conditions of confinement." *Thompson v. Million*, 221 Fed.Appx. 1336 (Table), 2000

WL 876556, *1 (6th Cir.2000), citing *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996)(emphasis added); *see also Hadix v. Johnson,* 182 F.3d 400, 405 (6th Cir.1999) (explaining the "actual injury" standard of *Lewis* includes requirement that action be non-frivolous). A claim is frivolous if it lacks arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff's complaint does not adequately plead that he has suffered prejudice to a non-frivolous claim, and he has not presented any evidence at all to support that element of a First Amendment claim. Indeed, his complaint does not describe the basis for the underlying "class action" that he seeks to pursue, other than a vague allusion to a "violation of Plaintiffs' constitutional rights." In a right of access claim, the plaintiff must describe the underlying case, and must set forth sufficient facts showing that it is non-frivolous. In *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002), the Supreme Court stated:

> "*[O]ur cases rest on the recognition that the right [of access to the courts] is ancillary to the underlying claim*, without which a plaintiff cannot have suffered injury by being shut out of court. We indicated as much in our most recent case on denial of access, *Lewis v. Casey, supra,* where we noted that even in forward-looking prisoner class actions to remove roadblocks to future litigation, the named plaintiff must identify a "nonfrivolous," "arguable" underlying claim, *id.,* at 353, and n. 3, 116 S.Ct. 2174, and we have been given no reason to treat backward-looking access claims any differently in this respect. *It follows that the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation.*" (Emphasis added).

*Christopher* further held that "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

Thus, Plaintiff's complaint is fatally deficient not only under *Christopher*, but

under the pleading standards more recently set forth in *Ashcroft v. Iqbal*, ---U.S.—, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), and citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007), which require that a complaint contain factual allegations, as opposed to legal conclusions, and that the facts pled set forth a "plausible" claim for relief. Apart from dismissal on a summary judgment motion, this complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

The underlying "class action" complaint is also frivolous because the *pro se* Plaintiffs have not and cannot satisfied the requirements of Fed.R.Civ.P. 23(a)(4), that is, that "the representative parties will fairly and adequately protect the interests of the class." It is well established that "[a] litigant may bring his own claims to federal court without counsel, but not the claims of others. This is because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir.2000) (internal quotation omitted). *See also Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975) (per curiam) (pro se prisoners are not adequate representatives fairly able to represent the class). Numerous Sixth Circuit cases have similarly held that Rule 23(a)(4) does not permit a *pro se* inmate to serve as class representative. *See Howard v. Dougan,* 221 F.3d 1334 (Table), 2000 WL 876770, *1 (6th Cir. June 23, 2000) ("The district court properly declined to certify the class and appoint Howard as class representative as he is an incarcerated *pro se* litigant without legal training."), *reh'g denied,* 2000 WL 1206591 (6th Cir. Aug.17, 2000), *cert. denied,* 532 U.S. 948, 121 S.Ct. 1417, 149 L.Ed.2d 358 (2001); *Hammond v. O'Dea,* 932 F.2d 968 (Table), 1991 WL 78161, *2 (6th Cir. 1991) (p.c.) (*"[P]ro se* prisoners are not adequate representatives fairly able to represent the class.") (citing *Oxendine, supra*).

Because the Plaintiff has failed "to make a showing sufficient to establish the existence of an element essential to that [his] case, and on which [he] will bear the burden of proof at trial," *Celotex Corp., supra*, summary judgment and dismissal of the complaint with prejudice is appropriate.[3]

### IV.   CONCLUSION

For these reasons, I recommend that Defendants' Motion for Summary Judgment [Doc. #16] be GRANTED and that the complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20)

---

[3] Given the clear lack of merit in Plaintiff's First Amendment claim, it is not necessary to address Defendants' other arguments for dismissal. I do note, however, that the Plaintiff has failed to demonstrate the personal involvement of the named Defendants in any alleged constitutional violation. *See Rizzo v. Goode*, 423 U.S. 362, 372, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) (Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint); *Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984).

pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                  s/ R. Steven Whalen  
                                                  R. STEVEN WHALEN  
                                                  UNITED STATES MAGISTRATE JUDGE  
Date: June 1, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 1, 2012.

Curtis Fuller, #211080                     s/Johnetta M. Curry-Williams  
Ionia Maximum Correctional Facility      Case Manager  
1576 W Bluewater Hwy  
Ionia, MI 48846-8594